| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>dcarlon@kmllawgroup.com<br>Attorneys for Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005-A | Order Filed on July 29, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Blondell W. West,<br><br>Debtor. | Case No.:  19-16029 VFP<br>Adv. No.:<br>Hearing Date:  6/6/19 @ 8:30 a.m.<br><br>Judge:  Vincent F. Papalia |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: July 29, 2019**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2
Debtor:         Blondell W. West
Case No.:       19-16029 VFP
Caption:        **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Deutsche Bank National Trust Company, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust, Series INABS 2005-A, Home Equity Mortgage Loan Asset-Backed Certificates, Series INABS 2005-A, holder of a mortgage on real property located at 24-26 Weequahic Avenue, Newark, NJ 07112, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Bruce W. Radowitz, Esquire, attorney for Debtor, Blondell W. West, and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by July 24, 2019, or as may be extended by an application to extend the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is not to pay the arrears per the plan while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.